## T. E. ASH v. UNITED STATES [1]

### United States Customs Court, Third Division

(Decided November 16, 1938)

*Ira P. Jones, Jr.,* for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

KEEFE, Judge: These cases involve the duty assessed upon two shipments comprising ten cases of machinery parts. It is claimed that exportation entries should have been accepted for the merchandise

---

[1] C. D. 57.

and no duty assessed thereon because the merchandise was not intended to be imported and had been brought to this country merely for exportation.

The facts disclosed from the record appear as follows: Certain engine parts were shipped from Germany to the Humble Oil and Refining Co., at Baytown, Tex., for the account of the N. V. Nederlandsche Koloniale Petroleum Maatschappij. Nine cases thereof arrived via the Motorship *Hanseat* and one case containing piston rings via the Motorship *Svithiod*. The record shows that they were to be delivered at the port of Baytown, Tex., and that three cases were destined for the Motorship *Den Haag*, and seven cases for the Motorship *Rotterdam*. Upon arrival the machinery was placed on board a barge belonging to the Humble Oil and Refining Co., and remained under customs supervision. Exportation entries were filed by the broker, who is the plaintiff herein. These entries, it will be noted, failed to show a foreign consignee, or a foreign destination. The manifests of the ships upon which the machinery was imported failed to show a foreign consignee or to disclose that the merchandise was brought to this country for the purpose of exportation. After an examination of the entire transaction the collector came to the conclusion that the shipments were in fact intended to be used as parts of the machinery upon the vessels *Den Haag* and *Rotterdam*, shown upon the exportation entries as the ships upon which the machinery was to be exported. Thereupon the collector refused to accept the exportation entries and the broker filed consumption entries in his name and paid the duty. The machinery was duly released to the plaintiff and three cases were placed on board the motorship *Den Haag* upon its arrival at Baytown. The remaining seven cases were shipped by rail to Baton Rouge, where they were placed upon the *Rotterdam*.

The marine superintendent for the Humble Oil and Refining Co., testified for the plaintiff that he understood that when the machine parts were shipped to the United States it was assumed by his company that the *Rotterdam* and the *Den Haag* might come either to the United States or to Aruba, N. W. I., and that in case the vessels did not arrive at United States ports the machinery would be exported to Aruba, N. W. I. It was, however, understood by the superintendent that the machinery was to be used upon these vessels when needed. Upon being interrogated as to whether or not the machinery was discharged or landed in a foreign port, he stated that he had no way of determining whether or not it was actually discharged at Aruba or landed at such foreign port. There was no other evidence offered to prove that the machinery was not actually installed upon, or held on board for use of, said vessels, or that there

was an actual landing in a foreign country. However, the ships did come to the United States and the machinery designated for each particular vessel was placed thereon, and the plaintiff has totally failed to establish that the ten cases were exported upon these vessels to Aruba, N. W. I. Unless there is proof that the merchandise was landed in a foreign port, the presumption arising from the record of the transaction that the machinery was destined for delivery in the United States to the vessels upon which it was delivered has not been overcome.

From the evidence presented the merchandise is clearly dutiable under the rule announced in the cases of *Patterson Steamships* v. *United States*, T. D. 43685; *Knutsen* v. *United States*, T. D. 43960; and *Texas Transport & Terminal Co.* v. *United States*, T. D. 45897. Judgment will therefore be entered in favor of the Government.